Lisa A. Lori (I.D. No. 019311999)
Christopher J. Leavell (I.D. No. 020342014)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
10000 Lincoln Drive East, Suite 200
Marlton, New Jersey 08053
Telephone: (856) 486-7900
Facsimile: (856) 486-4875
llori@klehr.com
cleavell@klehr.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

THOMAS FOODS INTERNATIONAL, USA F/K/A/ FOODCOMM INTERNATIONAL, INC.

Plaintiff,

v.

MEAT CORPORATION OF NAMIBIA D/B/A MEATCO,

Defendant.

No.

**JURY TRIAL DEMANDED**

# COMPLAINT

Plaintiff Thomas Foods International, USA, formerly known as Foodcomm International, Inc. ("TFI") brings this Complaint against defendant Meat Corporation of Namibia d/b/a Meatco ("Meatco"), and in support thereof states the following:

## Nature of the Action

1. This is an action for false designation of origin, trademark infringement, and trademark dilution, pursuant to the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

**The Parties**

2. TFI is a California corporation qualified to do business in the State of New Jersey and with a principal place of business located at 2600 Oldmans Creek Road, Swedesboro, New Jersey 08085.

3. Upon information and belief, Meatco is a Namibian company with a principal place of business located at Sheffield Street, Northern Industria, Windhoek, Republic of Namibia.

**Jurisdiction and Venue**

4. This action arises under 15 U.S.C. §§ 1114, 1125(a) and 1125(c)(1). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 15 U.S.C. § 1121 (Lanham Act claims).

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because a substantial part of the events or omissions giving rise to the claims occurred in this District, Meatco is subject to the Court's personal jurisdiction in this District, and/or the injuries resulting from Meatco's conduct occurred in this District.

**Background of TFI and Its Marks**

6. TFI is a is a global provider of high-quality food products, including meat products that are marketed, distributed and sold in the United States of America under the NATURE'S RESERVE® brand, through, among others, retail trade channels.

7. TFI is the owner of the registered trademark NATURE'S RESERVE, U.S. Registration Number 5737417, for all natural, free range meat products, namely, beef and lamb (the "NATURE'S RESERVE Mark").

8. TFI has been using the NATURE'S RESERVE Mark in interstate commerce

since at least as early as September 2003.

**<u>Background of Meatco and Its Wrongful Conduct</u>**

9. Meatco, based in Namibia, Africa, is a producer and exporter of meat products.

10. Meatco exports its meat products to, and sells its products in, the United States of America, including in this District.

11. Meatco is a competitor to TFI.

12. In or about August 2019, TFI learned that Meatco was marketing, advertising, distributing and offering for sale in the United States beef products utilizing TFI's NATRURE'S RESERVE Mark.

13. An example of Meatco's infringing use in the United States is as follows:




14. In addition, Meatco uses TFI's NATURE'S RESERVE Mark on its website at http://www.natures-reserve.co.uk/.

15. Meatco continues to use TFI's NATURE'S RESERVE Mark without TFI's consent or license to do so.

16. Meatco's infringing beef products are stored in and distributed from Mullica

Hill, New Jersey through, among others, retail channels of trade.

**COUNT ONE**
**Infringement of Federally Registered Trademark**

17. TFI incorporates by reference as if set forth fully herein the preceding allegations of this Complaint.

18. As described in this Complaint, Meatco has infringed upon TFI's registered trademark in interstate commerce by various acts, including, without limitation, the adoption of the NATURE'S RESERVE Mark and the sale and advertisement of meat products that contain the infringing mark.

19. Meatco's adoption and use of the infringing NATURE'S RESERVE Mark is without permission or authority from TFI and has caused and will continue to cause confusion and mistake and/or is intended to deceive those in the relevant market.

20. Meatco has adopted and used the infringing mark in connection with meat products despite having constructive notice of TFI's registration under 15 U.S.C. § 1072.

21. By engaging in the above conduct, Meatco used in commerce, without the consent of TFI, a reproduction, counterfeit, copy or colorable imitation of TFI's registered NATURE'S RESERVE Mark and/or reproduced, counterfeited, copied or colorably imitated the registered trademark or applied a reproduction, counterfeit, copy or colorable imitation of the registered trademark to its website and other tangible items intended to be used in commerce or reach consumers in violation of 15 U.S.C. § 1114.

22. Meatco's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to TFI, its business, its reputation and goodwill.

23. TFI has no adequate remedy at law.

WHEREFORE, plaintiff TFI prays for judgment in its favor on Count One of its Complaint, together with the following relief:

(a) a temporary restraining order barring Meatco and its parents, affiliates, subsidiaries, officers, directors, agents and employees, and all persons acting in concert with them, or on their behalf, from any and all uses of the mark NATURE'S RESERVE, and any confusingly similar mark;

(b) a preliminary injunction barring Meatco and its parents, affiliates, subsidiaries, officers, directors, agents and employees, and all persons acting in concert with them, or on their behalf, from any and all uses of the mark NATURE'S RESERVE, and any confusingly similar mark;

(c) a permanent injunction barring Meatco and its parents, affiliates, subsidiaries, officers, directors, agents and employees, and all persons acting in concert with them, or on their behalf, from any and all uses of the mark NATURE'S RESERVE, and any confusingly similar mark;

(d) an accounting of profits generated by Meatco and its parents, affiliates, subsidiaries, officers, directors, agents and employees, and all persons acting in concert with them, and their present and former officers, directors, agents and employees and all persons acting in concert with them, or on their behalf, from sales of any and all products that utilized the mark NATURE'S RESERVE; and

(e) interest, costs, attorney fees, and such other and further relief as the Court deems just.

**COUNT TWO**
**Violation of § 43(a) of the Lanham Act**

24. TFI incorporates by reference as if set forth fully herein the preceding allegations of this complaint.

25. TFI has the exclusive right to use the NATURE'S RESERVE Mark.

26. The NATURE'S RESERVE Mark has been extensively used in commerce throughout the United States, and elsewhere, in connection with TFI's meat products.

27. Exceeding goodwill and valuable trademark rights have been developed in TFI's NARTURE'S RESERVE Mark, and the consumers have come to associate TFI's NATURE'S RESERVE Mark with TFI.

28. The use by Meatco of TFI's NATURE'S RESERVE Mark in connection with its products constitutes the use of a word, term, name or symbol which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Meatco with TFI, all in violation of Section 43(a)(1)(A) of the Lanham Act.

29. Among other injuries, Meatco's continued unauthorized use of the Mark will result in the loss of the exclusive rights and benefits that TFI is entitled to enjoy under the law.

30. Upon information and belief, Meatco's infringement is willful and deliberate and is specifically designed to capitalize upon the goodwill associated with TFI's NATURE'S RESERVE Mark.

31. As a direct and proximate result of Meatco's infringing acts, TFI has suffered monetary damages in an amount not presently known to it.

32. On information and belief, Meatco has obtained substantial profits as a result of its wrongful actions.

WHEREFORE, plaintiff TFI seeks judgment in its favor on Count Two of its Complaint, together with the following relief:

(a) a temporary restraining order barring Meatco and its parents, affiliates, subsidiaries, officers, directors, agents and employees, and all persons acting in concert with them, or on their behalf, from any and all uses of the mark NATURE'S RESERVE, and any confusingly similar mark;

(b) a preliminary injunction barring Meatco and its parents, affiliates, subsidiaries, officers, directors, agents and employees, and all persons acting in concert with them, or on their behalf, from any and all uses of the mark NATURE'S RESERVE, and any confusingly similar mark;

(c) a permanent injunction barring Meatco and its parents, affiliates, subsidiaries, officers, directors, agents and employees, and all persons acting in concert with them, or on their behalf, from any and all uses of the mark NATURE'S RESERVE, and any confusingly similar mark;

(d) an accounting of profits generated by Meatco and its parents, affiliates, subsidiaries, officers, directors, agents and employees, and all persons acting in concert with them, and their present and former officers, directors, agents and employees and all persons acting in concert with them, or on their behalf, from sales of any and all products that utilized the mark NATURE'S RESERVE; and

(e) interest, costs, attorney fees, and such other and further relief as the Court deems just.

**COUNT THREE**
**Dilution**

33. TFI incorporates by reference as if set forth fully herein the preceding averments of this complaint.

34. TFI's NATURE'S RESERVE Mark is famous.

35. Meatco's unauthorized use of the NATURE'S RESERVE Mark dilutes the distinctive quality of, and tarnishes, the famous NATURE'S RESERVE Mark in violation of 15 U.S.C. §1125(c)(1).

WHEREFORE, plaintiff TFI prays for judgment in its favor on Count Three of its Complaint, together with the following relief:

(a) a temporary restraining order barring Meatco and its parents, affiliates, subsidiaries, officers, directors, agents and employees, and all persons acting in concert with them, or on their behalf, from any and all uses of the mark NATURE'S RESERVE, and any confusingly similar mark;

(b) a preliminary injunction barring Meatco and its parents, affiliates, subsidiaries, officers, directors, agents and employees, and all persons acting in concert with them, or on their behalf, from any and all uses of the mark NATURE'S RESERVE, and any confusingly similar mark;

(c) a permanent injunction barring Meatco and its parents, affiliates, subsidiaries, officers, directors, agents and employees, and all persons acting in concert with them, or on their behalf, from any and all uses of the mark NATURE'S RESERVE, and any confusingly similar mark;

(d) an accounting of profits generated by Meatco and its parents, affiliates, subsidiaries, officers, directors, agents and employees, and all persons

acting in concert with them, and their present and former officers, directors, agents and employees and all persons acting in concert with them, or on their behalf, from sales of any and all products that utilized the mark NATURE'S RESERVE; and

(e) interest, costs, attorney fees, and such other and further relief as the Court deems just.

**COUNT FOUR**
**Unfair Competition under N.J.S.A. § 56:4-1 et seq.**

36. TFI incorporates by reference as if set forth fully herein the preceding averments of this complaint.

37. The foregoing acts of Meatco constitute unfair competition in violation of N.J.S.A. § 56:4-1.

38. Upon information and belief, Meatco has made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

39. Meatco is liable to TFI for all damages, whether direct or indirect, for the misappropriation of the NATURE'S RESERVE Mark and TFI's name, brand, reputation, and goodwill, which damages are subject to trebling.

40. Upon information and belief, Meatco intends to continue its infringing acts unless restrained by this Court.

41. Meatco's acts have damaged and will continue to damage TFI, and TFI has no adequate remedy at law.

WHEREFORE, plaintiff TFI prays for judgment in its favor on Count Four of its Complaint, together with the following relief:

(a) a temporary restraining order barring Meatco and its parents, affiliates,

subsidiaries, officers, directors, agents and employees, and all persons acting in concert with them, or on their behalf, from any and all uses of the mark NATURE'S RESERVE, and any confusingly similar mark;

(b) a preliminary injunction barring Meatco and its parents, affiliates, subsidiaries, officers, directors, agents and employees, and all persons acting in concert with them, or on their behalf, from any and all uses of the mark NATURE'S RESERVE, and any confusingly similar mark;

(c) a permanent injunction barring Meatco and its parents, affiliates, subsidiaries, officers, directors, agents and employees, and all persons acting in concert with them, or on their behalf, from any and all uses of the mark NATURE'S RESERVE, and any confusingly similar mark;

(d) an accounting of profits generated by Meatco and its parents, affiliates, subsidiaries, officers, directors, agents and employees, and all persons acting in concert with them, and their present and former officers, directors, agents and employees and all persons acting in concert with them, or on their behalf, from sales of any and all products that utilized the mark NATURE'S RESERVE; and

(e) interest, costs, attorney fees, and such other and further relief as the Court deems just.

KLEHR HARRISON
HARVEY BRANZBURG LLP

Date: October 24, 2019

/s/ Lisa A. Lori

Lisa A. Lori (I.D. No. 019311999)
Christopher J. Leavell (I.D. No. 020342014)
10000 Lincoln Drive East, Suite 200
Marlton, New Jersey 08053
Telephone: (856) 486-7900
Facsimile: (856) 486-4875
llori@klehr.com
cleavell@klehr.com